MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
11 Park Place, Suite 817
New York, NY 10007
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

14-cv-10217

KHRIST NEWMAN,

　　　　　　　　　　Plaintiff,

v.

THE CITY OF NEW YORK, NYPD
Officer David Gomez (Tax ID 950508)
and JOHN DOES 1-2, individually and in
their official capacities.

　　　　　　　　　　Defendants.

Complaint

JURY TRIAL DEMANDED



RECEIVED
DEC 3 2014
U.S.D.C. S.D.N.Y.

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York, NYPD Officer David Gomez and JOHN DOES 1-2, alleging that defendants violated his rights under 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting him, and for David Gomez's and the DOE defendants' failure to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

1

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Khrist Newman ("Plaintiff" or "Mr. Newman") is a resident of Kings County in the City and State of New York.

6. Plaintiff Khrist Newman is a thirty seven (37) year old African American man who is a street performer.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Defendants David Gomez and JOHN DOES 1-2 are members of the New York City Police Department ("NYPD") who were so employed on October 2, 2014. Defendants David Gomez and JOHN DOES 1-2 were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants David Gomez and JOHN DOES 1-2 are sued in their individual and official capacities.

## STATEMENT OF FACTS

2

9. The Incident which is the subject of the instant Complaint took place at approximately 3:30 PM at or near the Manhattan side of the foot of the Brooklyn Bridge on October 2, 2014.

10. At the above mentioned time and in the above-mentioned place, Plaintiff was lawfully present with a few others, and setting up to engage in a street performance, and a small crowd of onlookers had gathered to enjoy the upcoming show.

11. All of a sudden, Defendant NYPD Officer David Gomez and NYPD Officers JOHN DOES 1-2 approached Plaintiff and demanded that Plaintiff give the officers "the speaker" which was on the side. No music had been emanating from the speaker because the battery was dead.

12. As Plaintiff saw the officers approaching him, he took out his identification to give to NYPD Officer David Gomez and NYPD Officers JOHN DOES 1-2.

13. However, NYPD Officer David Gomez and NYPD Officers JOHN DOES 1-2 stated that they did not want his identification, but rather, demanded that Plaintiff give them the speaker.

14. Next, NYPD Officer David Gomez and NYPD Officers JOHN DOES 1-2 told Plaintiff to put his hands behind his back and Plaintiff asked, "For what?"

15. In response to Plaintiff's query, NYPD Officer David Gomez and NYPD Officers JOHN DOES 1-2 told Plaintiff that he was under arrest.

16. Plaintiff again queried of the officers, "For what?"

17. NYPD Officer David Gomez and NYPD Officers JOHN DOES 1-2 then told Plaintiff that he was resisting arrest and tackled him to the ground, causing abrasions to his knees

3

and causing his right thumb to be sprained. Fortunately, the entire Incident was captured on video.

18. Plaintiff was then transported to the 1st Precinct at about 4PM.

19. Plaintiff was then taken to New York Presbyterian Hospital to receive medical attention for the injuries he sustained at the hands of the NYPD officers.

20. Thereafter, Plaintiff was transported back to the 1st Precinct where he was kept until approximately 1:00 AM the next day, October 3, 2014.

21. Plaintiff appeared for his Criminal Court arraignment on October 3, 2014, on or about 11:00 AM, and was charged with Resisting Arrest and Disorderly Conduct. Plaintiff was released on his own recognizance and the matter was put over to December 2, 2014.

22. Plaintiff appeared in Manhattan Criminal Court on December 2, 2014, and the charges levied against him were dismissed in the entirety.

23. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and physical wounds – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. NYPD Officers David Gomez and JOHN DOES 1-2 violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

26. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

4

27. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and physical wounds – all to his detriment.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. NYPD Officers David Gomez and JOHN DOES 1-2 violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause to believe that a crime had been committed or was about to be committed.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure to Intervene

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. NYPD Officers David Gomez and JOHN DOES 1-2 were present and observed the unlawful conduct as against Plaintiff; they had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

33. Accordingly, NYPD Officers David Gomez and JOHN DOES 1-2 who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.